POWELL, J.
The parties to this proceeding in error stand in the inverse order to that in which they stood in the court below; the plain- *551 tiil's in error were defendants in that court and the defendant in error was plaintiff.
The right to a recovery is based upon the provisions of Sec. 4434 G. C., providing for the care of persons afflicted with any contagious disease. The case presents two principal contentions, and we are asked to reverse the judgment of the court below upon such contentions:
First: The charge of the court is complained of. Whether or not it complies with the requirements of the statutes and decisions relating to court procedure. And—
Second. Whether or not a ease which would entitle the plaintiff to recover is set out in the pleadings and proved by the evidence offered.
The petition, as it was said above, was based upon the provisions of Sec. 4434 G. C., which reads as follows:
* ‘ Section 4434. Such board may destroy any infected clothing, bedding, or other article which can not be made safe by disinfection, and shall furnish to the owner thereof a receipt, of which it shall keep a full and accurate copy, for articles destroyed, which receipt shall show the number, character, condition and estimated value of the articles destroyed.” * * *
This act is an attempted exercise of what is generally designated as the police power of the state, and is intended to protect the general public from the evils growing out of infectious or contagious diseases; it prescribes a plan of procedure and designates the tribunal to carry the plan into effect. This tribunal is the board of township trustees, who become by virtue of that office the board of health for so much of the township as lies outside of any municipality. Each municipality is supposed to have either a board of health or a health officer of its own, while the duties belonging to a board of health outside of such municipality are placed by statute upon the township trustees. This suit is based on the alleged action of the board of health in destroying cream of plaintiff of the value of $70, and one hundred dozen eggs of the value of $30. There is a second cause of action set up in the petition by which plaintiff claims the sum of $50 from the said defendants for care, boarding and. nursing furnished one Flossie Waters, while quarantined in his house *552 during the prevalence of the disease of small-pox, and for money paid for her doctor bill while so quarantined. It appears from the averments of the petition and the proof, that the said Flossie Waters was without means to care for herself or to pay her doctor bill, and that the care, nursing and boarding was furnished her by the plaintiff and that he paid her doctor bill while so quarantined. In the opinion of the court the second cause of action is well pleaded and sufficiently proved. The evidence, however, as we think, fails to sustain the first cause of action. There is no averment and no testimony of any sort, that the property destroyed was infected with small-pox, or that it could not be made safe by disinfection: neither is there any proof that the property, -was destroyed by the board of health individually, or under its direct order. In order to make a cause of action these things should both be alleged and proved by a preponderance of the evidence. The court is of opinion that the first cause of action is not sustained by sufficient proof.
The second contention insisted upon is that the court did not state the issues presented by the pléadings with that particularity required by law, and that as given the charge is misleading and for want of more particular statement is prejudicially erroneous.
On examination of the charge, the court is of the opinion that the same was incomplete in' that it does not define to the jury what the issues to be tried really were, nor were they property instructed as to the proof necessary to maintain such issues. We think such instruction as was given, was property given, but that the application of the same to the issues was not made by the court in its charge to the jury. The Supreme Court has held that it is the imperative duty of the trial court to separate issues of fact from issues of law and define the same and that'proper instructions be given as to the proof necessary to sustain any such issue so presented. In this case the issues are made up by a general denial of the averments of the petition. If the petition states a cause of action, it shows that the property alleged to have been destroyed :
First. Was infected with small-pox contagion.
*553 Second. That it could not be made safe by disinfection; and
Third. That it was destroyed by the board of healtli, or under its orders.
Those constitute, as we think, three distinct issues to be presented to the jury and tried by them under proper instructions from the court. The court is of the opinion that because the first and second of these issues were not defined or stated to the jury separately in the general charge, the same was erroneous and misleading. Baltimore & O. Ry. v. Lockwood, 72 Ohio St. 586 [74 N. E. 1071].
In addition to what is said above it seems to the court that an issue of law is presented by these pleadings, as to whether or not plaintiff was entitled to recover at all without showing that the property so claimed to be infected was destroyed by the board of health, or by its order, at the expiration of the time of quarantine, that being the time prescribed by law, when the infected property should be fumigated or destroyed. It appears by this record that when the quarantine card was first placed upon the residence of the plaintiff some conversation was had as to what should be done with the eggs and the cream; that the members of the board of health at that time said that it was unlawful to sell the same, but did not make any provision, however, that they should be cared for, or looked after by persons other than the plaintiff or his family, most of whom were during the time of quarantine afflicted with the disease of.small-pox; and acting upon this advice the plaintiff fed the cream, or so much of it as was not needed for his own family use, and the eggs, to his hogs.
The court is of the opinion that it is not the intention of the law that property of this kind, that can be cared for without becoming infected, should be cared for otherwise than by being destroyed while it is accumulating; and then it is a question of doubt as to whether or not in such circumstances the board of health would be liable for the value thereof. This question arises solely upon the weight of the evidence, as no question of this kind was made by the pleadings.
It was further said in argument that the verdict of the jury *554 and the judgment ought to be sustained under the provisions of Sec. 11364 G. C., as the record shows that by such judgment substantial justice had been done. The provisions of this statute are often misapplied and a court can easily usurp the functions of the trial court and a jury, by simply certifying that substantial justice has been done. In a case like the one at bar, it is wholly the province of the jury to determine what is substantial justice between the parties on the acts presented. They must do this, however, on a fair and impartial trial under the rules of legal procedure. "When this has been done the verdict ought to stand, or if the facts are practically agreed on the court may determine upon its own initiative that substantial justice has been done. We think on the record as presented in this ease, that on the second cause of action substantial justice was done, and if it stood alone it would be affirmed upon that ground. But upon the first cause of action the court can not certify that substantial justice was done as between the plaintiff and the general public represented by the board of health.
For the reasons stated the court is of opinion that the judgment should be reversed and that the cause should be remanded •to the court of common pleas for a new trial and such other proceedings as are authorized by law.
Judgment reversed.
Houck, and Shields, JJ., concur.